| | |
|---|---|
| FREDERICK W. ERNST and<br>VIRGINIA R. ERNST,<br>　　　Plaintiffs<br><br>　　　vs.<br><br>LORRAINE D. DONAHOE and<br>U.S. XPRESS LEASING, INC.,<br>　　　Defendants | IN THE COURT OF COMMON PLEAS OF<br>McKEAN COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION - LAW<br>JURY TRIAL DEMANDED<br><br>NO. 25 CD 2022 |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER CONTACT:

Pennsylvania Lawyer Referral Service
Pennsylvania Bar Association
P.O. Box 186
Harrisburg, PA 17108
(800) 692-7375

IF YOU CANNOT AFFORD A LAWYER CONTACT:

Northwestern Legal Services
100 Main Street
Bradford, PA 16701
(814) 362-6596

| | | |
|---|---|---|
| FREDERICK W. ERNST and<br>VIRGINIA R. ERNST,<br>      Plaintiffs | : <br> : <br> : <br> : | IN THE COURT OF COMMON PLEAS OF<br>McKEAN COUNTY, PENNSYLVANIA |
| vs. | : <br> : | CIVIL ACTION - LAW<br>JURY TRIAL DEMANDED |
| LORRAINE D. DONAHOE and<br>U.S. XPRESS LEASING, INC.,<br>      Defendants | : <br> : <br> : | NO. |

## COMPLAINT

1. Plaintiffs Frederick W. Ernst and Virginia R. Ernst are adult individuals residing at 582 Coleman Mills Road, Port Allegany, McKean County, Pennsylvania 16743.

2. Defendant, Lorraine D. Donahoe, is an adult individual residing at 4262 Medina River Loop, Spring, Montgomery County, Texas 77386.

3. Defendant, U.S. Xpress Leasing, Inc., upon information and belief, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a principal place of business at 4080 Jenkins Road, Chattanooga, Hamilton County, Tennessee 37421.

4. On March 23, 2020, at approximately 10:50 a.m., Defendant Lorraine D. Donahoe was driving a tractor trailer owned by Defendant U.S. Xpress Leasing, Inc., traveling west on S.R. 6 in Keating Township, McKean County, Pennsylvania.

5. At the same time and place, Defendant Lorraine D. Donahoe lost control of her vehicle while exiting a left-hand curve, drove the tractor trailer off the road to the north, traveled approximately 30 feet, struck a ditch in the 12:00 position, continued onto an embankment, traveled approximately 162 feet, jackknifed, and came to final rest facing north.

6. Said disabled vehicle totally blocked the westbound lane and partially blocked the eastbound lane of S.R. 6, making it impossible for Plaintiff to safely pass Defendant's tractor trailer.

7. On March 23, 2020, Plaintiff Frederick W. Ernst was driving a 2012 Kenwood Northwest T800 hauling a trailer both owned by Postlewait Logging Company, heading west on S.R. 6.

8. At all times relevant hereto Plaintiff Frederick W. Ernst was operating his vehicle while he was acting within the course and scope of his employment for Postlewait Logging Company, and all of his actions were in furtherance of his employer, Postlewait Logging Company.

9. When Plaintiff Ernst observed the tractor trailer operated by Defendant Donahoe jackknife and come to a stop totally blocking the west lane of S.R. 6 and partially blocking the east lane of S.R. 6, in an attempt to avoid colliding with the disabled vehicle operated by Defendant Donahoe, Plaintiff traveled into the eastbound lane, striking the guiderail at the 3:00 position to the southside of the roadway. Plaintiff continued approximately 225 feet along the guiderail then left the roadway to the south. Plaintiff then encountered a slight downgrade when it left the roadway causing the vehicle to roll onto its driver's side. Plaintiff continued on its driver's side and struck a guiderail and utility pole. Plaintiff continued approximately 33 feet and came to final rest off the south side of the roadway facing west.

10. At the time of the subject matter crash, the roadways were slippery and icy, and the point of impact was at the bottom of a steep downhill.

11. As a direct result of said collision, both legs of Plaintiff Ernst were pinned, and he was trapped in his vehicle for approximately 70 minutes before he could be extricated by mechanical means.

12. As a direct result of said collision, Plaintiff Ernst was transported by Priority Care Ambulance to Olean General Hospital, from which he was transferred by ambulance to Erie County Medical Center in Buffalo, New York.

13. As a direct result of said collision, Plaintiff suffered serious injuries including, but not limited to the following:

    (a) Open right fibular fracture with large traumatic laceration;

    (b) Left lower leg deep traumatic laceration;

    (c) Abdominal trauma;

    (d) Blood loss anemia.

    (e) Acute kidney infection.

    (f) Hypokalemia.

14. As a direct result of said collision, Plaintiff required medical treatment, including treatment in the emergency room, hospitalization, diagnostic tests, medications, physical therapy, plastic surgery care and surgical intervention.

15. As a direct result of said collision, Plaintiff incurred medical expenses, the exact amount of which is currently unknown, and will incur additional medical expenses in the future.

16. As a direct result of said collision, Plaintiff has incurred lost wages and may incur lost wages in the future.

17. As a direct result of said collision, Plaintiff has incurred significant physical pain and suffering, mental anguish, discomfort, anxiety, inconvenience, distress and loss of enjoyment of life, which will continue indefinitely into the future.

18. As a direct result of this collision, Plaintiff Virginia R. Ernst has suffered and continues to experience the loss of her husband's comfort, companionship, society, consortium, and services.

## COUNT I
### (Negligence)

**Plaintiff Frederick W. Ernst vs. Defendant Lorraine D. Donahoe**

19. Paragraphs 1 through 18 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

20. Defendant Lorraine D. Donahoe owed a legal duty to the users of the highway, including Plaintiff Frederick W. Ernst, to operate her vehicle in a safe and prudent manner in order to avoid injuring them and Defendant breached this duty.

21. Defendant Lorraine D. Donahoe breached this legal duty and was negligent in that she:

   (a) Violated Section 3361 of the Pennsylvania Motor Vehicle Code as it relates to driving a vehicle at a safe speed;

   (b) Violated Section 3714(c) of the Pennsylvania Motor Vehicle Code as it relates to operating a vehicle in careless disregard and unintentionally causing serious bodily injury;

   (c) Violated Section 3736(a) of the Pennsylvania Motor Vehicle Code as it relates to operating a vehicle in willful disregard for the safety of persons or property;

   (d) Was inattentive to traffic conditions in her path;

   (e) Failed to control her vehicle and prevent it from losing control and blocking the roadway of S.R. 6.

   (f) Failed to act with due care and regard for the position and safety of others, and in particular, Plaintiff.

22. Defendant Lorraine D. Donahoe's negligence was the direct and factual cause of Plaintiff's injuries and damages described in paragraphs 13 through 17 above.

WHEREFORE, Plaintiff Frederick W. Ernst demands that judgment be entered in his favor and against Defendant Lorraine D. Donahoe in an amount in excess of the jurisdictional requirements for compulsory arbitration.

## COUNT II
### (Loss of Consortium)

**Plaintiff Virginia R. Ernst vs. Defendant Lorraine D. Donahoe**

23. Paragraphs 1 through 22 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

24. As a direct result of the aforesaid injuries to her husband, Plaintiff Virginia R. Ernst has been and may in the future be deprived of her husband's society, solace, comfort, and consortium, all of which have been and will continue to be to her great damage and loss.

WHEREFORE, Plaintiff Virginia R. Ernst Smith demands that judgment be entered in her favor and against Defendant Lorraine D. Donahoe in an amount in excess of the jurisdictional requirements for compulsory arbitration.

## COUNT III
### (Vicarious Liability)

**Plaintiff Frederick W. Ernst vs. U.S. Xpress Leasing, Inc.**

25. Paragraphs 1 through 24 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

26. At the time of this collision, Defendant Lorraine D. Donahoe was operating a vehicle owned by Defendant U.S. Xpress Leasing, Inc.

5

27. At the time of this collision, Defendant Lorraine D. Donahoe was operating the aforementioned vehicle while she was acting within the course and scope of her employment for Defendant U.S. Xpress Leasing, Inc., and all of her actions were in furtherance of the corporate business of Defendant U.S. Xpress Leasing, Inc.

28. At the time of this collision, Defendant Lorraine D. Donahoe was negligent as described in paragraph 21 above, and her negligence was a direct and factual cause of Plaintiff's injuries and damages described in paragraphs 13 through 17 above.

29. Defendant U.S. Xpress Leasing, Inc. is vicariously liable for the negligence of its employee, Lorraine D. Donahoe, who was driving said vehicle in the interest of her employer and using her employer-owned vehicle with express or implied consent of the employer.

WHEREFORE, Plaintiff Frederick W. Ernst demands that judgment be entered in his favor and against Defendant U.S. Xpress Leasing, Inc. in an amount in excess of the jurisdictional requirements for compulsory arbitration.

## COUNT IV
### (Loss of Consortium)

**Plaintiff Virginia R. Ernst vs. Defendant U.S. Xpress Leasing, Inc.**

30. Paragraphs 1 through 29 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

31. As a direct result of the aforesaid injuries to her husband, Plaintiff Virginia R. Ernst has been and may in the future be deprived of her husband's society, solace, comfort, and consortium, all of which have been and will continue to be to her great damage and loss.

WHEREFORE, Plaintiff Virginia R. Ernst Smith demands that judgment be entered in her favor and against Defendant US Xpress Leasing, Inc. in an amount in excess of the jurisdictional requirements for compulsory arbitration.

ELION, GRIECO, CARLUCCI,
& SHIPMAN, P.C.

By_____
Robert B. Elion, I.D. #21030
Attorney for Plaintiffs
125 East Third Street
Williamsport, PA 17701
(570) 326-2443 (phone)
(570) 326-1585 (fax)
relion@elionlaw.com

ROSS LAW

By_____
David Ross, I.D. # 87979
1 East Third Street
Coudersport, PA 16915
(814-274-8612 (phone)
(814) 274-0430 (fax)
therosslawfirm@gmail.com

7

## CERTIFICATE OF COMPLIANCE
## WITH PUBLIC ACCESS POLICY

I certify that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ELION, GRIECO, CARLUCCI
& SHIPMAN, P.C.

By_____
Robert R. Elion, I.D. #21030
Attorney for Plaintiff
125 East Third Street
Williamsport, PA 17701
570-326-2443 (phone)
570-326-1585 (fax)
relion@elionlaw.com

## VERIFICATION

I verify that the facts set forth in the foregoing *Complaint* are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
Frederick W. Ernst

_____
Virginia R. Ernst

Dated: 01-11-2022